IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) CASE NO. 24-20089 |
| vs. | ) |
| | ) 18 U.S.C. § 371 |
| ARICA HUTCHISON, | ) |
| Defendant. | ) |

## MEMORANDUM OF PLEA AGREEMENT

The Defendant, ARICA HUTCHISON, by and through her counsel, and the United States, through the United States Attorney for the Western District of Tennessee, and the undersigned Assistant U.S. Attorney, have reached the following agreement.

1. The Defendant agrees:

    (A) to plead guilty to the Criminal Information in this case;

    (B) to waive, except with respect to claims of ineffective assistance of counsel or prosecutorial misconduct, her rights to appeal any and all issues related to the case, including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255 and consents to the final disposition of the matter by the district court;

    (C) that she is pleading guilty, knowingly and voluntarily, because she is in fact guilty of the violations alleged in the information;

    (D) to pay restitution in an amount to be determined by the Court to all identifiable victims who suffered losses as a result of the criminal conduct that is the subject of this plea agreement, including uncharged conduct and conduct that is the subject of dismissed counts with the understanding that any Court ordered schedule for restitution payments is merely a minimum payment obligation and does not limit the methods by which the United States may immediately enforce the judgment in full;

    (E) that the special assessment of $100 per count is due and payable to the U.S. District Clerk's Office immediately following the Defendant's sentencing; and

    (F) that within twenty-one days of the entry of the plea, Defendant will promptly execute and return a fully completed and executed Department of Justice Financial Disclosure statement under oath to the United States Attorney's Office ("USAO") and a release authorizing the USAO Financial Litigation Program to obtain credit reports.

2. The parties jointly agree that the loss amount in the case is more than $15,000 but less than $40,000.

3. The United States agrees, pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure and in consideration for the Defendant's plea of guilty, to recommend that the Defendant receive full credit for acceptance of responsibility under U.S. Sentencing Guidelines § 3E1.1, provided she continues to exhibit acceptance of responsibility. The Defendant understands that if in the opinion of the United States, it is learned that the Defendant has engaged in additional conduct inconsistent with acceptance of responsibility, including, but not limited to, participation in any additional criminal activities or inaccurately portraying her involvement in this offense, between now and the time of sentencing, this position could change.

4. Neither the United States nor any law enforcement officer can or does make any promises or representations as to what sentence will be imposed by the Court. The Defendant understands that any discussions with her attorney regarding a sentence are estimates about possible outcomes, not promises or guarantees.

5. If the United States, solely within its discretion, judges that the Defendant has violated any federal, state or local law, or has engaged in any conduct constituting obstructing or impeding justice within the meaning of U.S. Sentencing Guidelines § 3C1.1 or has failed to make any court appearances in this case, or if the Defendant attempts to withdraw the plea, or if she engages in any conduct inconsistent with acceptance of responsibility, including, but not limited to, minimizing the scope of her criminal involvement, from the date of the Defendant's signing of this plea agreement to the date of the Defendant's sentencing, then the United States will be released from its obligations and would become free to argue for any sentence within statutory limits. Such a breach by the Defendant would not release the Defendant from this plea of guilty.

6. This writing constitutes the entire Plea Agreement between the Defendant and the United States with respect to the plea of guilty. No additional promises, representations or inducements other than those referenced in this Plea Agreement have been made to the Defendant or to the Defendant's attorney with regard to this Plea, and none will be made or entered into unless in writing and signed by all parties. The Defendant acknowledges that she has reviewed the Agreement with his attorney and that she is satisfied with her attorney's advice and counsel.

_____  6-3-24
ARICA HUTCHISON              Date
Defendant

_____  6-3-24
JACK SHERMAN                 Date
Attorney for Defendant

KEVIN G. RITZ
UNITED STATES ATTORNEY

By: _____         6-3-24
    David Pritchard                                   Date
    Assistant U.S. Attorney